NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3298-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

MICHAEL C. HARRIS,

 Defendant-Appellant.
_________________________________________________

 Submitted August 15, 2017 – Decided September 26, 2017

 Before Judges Messano and Sumners.

 On appeal from the Superior Court of New
 Jersey, Law Division, Salem County, Indictment
 No. 10-09-0503.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Janet A. Allegro, Designated
 Counsel, on the briefs).

 John T. Lenahan, Salem County Prosecutor,
 attorney for respondent (Derrick Diaz,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 After his motion to suppress was denied, defendant Michael

C. Harris pled guilty to second-degree possession of a firearm by

persons previously convicted of certain offenses, N.J.S.A. 2C:39-
7(b). The judge denied defendant's motion to withdraw his guilty

plea pursuant to State v. Slater, 198 N.J. 145 (2009), and

sentenced defendant to five years' imprisonment with a five-year

period of parole ineligibility. We affirmed defendant's

conviction on direct appeal. State v. Harris, No. A-1576-11 (App.

Div. July 12, 2013). The Supreme Court denied his petition for

certification. 217 N.J. 293 (2014).

 Defendant filed a pro se petition for post-conviction relief

(PCR), alleging police improperly obtained consent to search the

vehicle he was driving at the time of his arrest, from the owner

of the car, Tatiana Danzo. Police seized a shotgun from the trunk

of the car. See Harris, supra, slip op. at 3. The court appointed

PCR counsel, who filed a brief that raised claims of ineffective

assistance of counsel (IAC). Specifically, defendant contended

that trial counsel failed to argue defendant's arrest was illegal

and police coerced Danzo into consenting. He further claimed that

Danzo would have stated she was coerced, but trial counsel failed

to question her or call her as a witness at the suppression

hearing. Lastly, PCR counsel contended defendant did not plead

guilty knowingly and voluntarily because of trial counsel's

failure to adequately raise the consent issue.

 The PCR judge, who denied the motion to suppress, accepted

defendant's guilty plea and sentenced defendant, heard oral

 2 A-3298-15T4
argument on the petition. In a written opinion that accompanied

his order, the judge concluded "[t]he issues of third-party consent

and voluntariness of the consent were litigated before the

Appellate Division and . . . specifically denied." He further

determined that defendant provided "no evidence to support his

contention that Ms. Danzo was coerced" into giving consent. The

judge denied the petition without an evidentiary hearing and

entered the May 18, 2015 order under review.

 On appeal, appellant provided the following points for our

consideration.

 POINT I

 THE COURT ERRED IN DENYING DEFENDANT'S
 PETITION FOR POST-CONVICTION RELIEF WITHOUT
 AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY
 ADDRESS HIS CONTENTION THAT HE FAILED TO
 RECEIVE EFFECTIVE LEGAL REPRESENTATION AT THE
 TRIAL LEVEL. (RAISED BELOW)

 POINT II

 TRIAL COUNSEL'S FAILURE TO ARGUE THAT THE
 ARREST OF DEFENDANT WAS ILLEGAL CONSTITUTED
 INEFFECTIVE ASSISTANCE OF COUNSEL. (RAISED
 BELOW)

 POINT III

 THE PCR COURT ERRED IN FINDING THAT
 DEFENDANT'S CLAIM WAS BARRED AS PREVIOUSLY
 LITIGATED, PURSUANT TO RULE 3:22-4 AND 5.
 (RAISED BELOW)

 3 A-3298-15T4
 POINT IV

 THE COURT ERRED IN FINDING THAT TRIAL COUNSEL
 WAS NOT INEFFECTIVE FOR FAILING TO CALL A
 WITNESS AT THE SUPPRESSION HEARING. (RAISED
 BELOW)

Having considered these arguments in light of the record and

applicable legal standards, we affirm.

 To establish an IAC claim, a defendant must satisfy the two-

prong test formulated in Strickland v. Washington, 466 U.S. 668,

687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and

adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58

(1987). First, he must demonstrate "counsel made errors so serious

that counsel was not functioning as the 'counsel' guaranteed

. . . by the Sixth Amendment." Id. at 52 (quoting Strickland,

supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693).

 To satisfy prong one, [a defendant] ha[s] to
 "overcome a 'strong presumption' that counsel
 exercised 'reasonable professional judgment'
 and 'sound trial strategy' in fulfilling his
 responsibilities." "[I]f counsel makes a
 thorough investigation of the law and facts
 and considers all likely options, counsel's
 trial strategy is 'virtually
 unchallengeable.'" Mere dissatisfaction with
 a "'counsel's exercise of judgment'" is
 insufficient to warrant overturning a
 conviction.

 [State v. Nash, 212 N.J. 518, 542 (2013)
 (third alteration in original) (citations
 omitted).]

 4 A-3298-15T4
 Second, a defendant must prove that he suffered prejudice due

to counsel's deficient performance. Strickland, supra, 466 U.S.

at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. A defendant must

show by a "reasonable probability" that the deficient performance

affected the outcome. Fritz, supra, 105 N.J. at 58. "'A

reasonable probability is a probability sufficient to undermine

confidence in the outcome.'" State v. Pierre, 223 N.J. 560, 583

(2015) (quoting Strickland, supra, 466 U.S. at 694, 104 S. Ct. at

2068, 80 L. Ed. 2d at 698). "If [a] defendant establishes one

prong of the Strickland-Fritz standard, but not the other, his

claim will be unsuccessful." State v. Parker, 212 N.J. 269, 280

(2012).

 Our Rules anticipate the need to hold an evidentiary hearing

"only upon the establishment of a prima facie case in support of

post-conviction relief." R. 3:22-10(b). A "prima facie case"

requires a defendant "demonstrate a reasonable likelihood that his

or her claim, viewing the facts alleged in the light most favorable

to the defendant, will ultimately succeed on the merits," ibid.,

and must be supported by "specific facts and evidence supporting

his allegations." State v. Porter, 216 N.J. 343, 355 (2013).

"[W]e review under the abuse of discretion standard the PCR court's

determination to proceed without an evidentiary hearing." State

v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing

 5 A-3298-15T4
State v. Marshall, 148 N.J. 89, 157-58, cert. denied, 522 U.S.

850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997)).

 In Point III, defendant claims the PCR judge erred to the

extent he concluded the IAC claims relating to Danzo's consent to

search were procedurally barred. The PCR judge cited, without

explanation, Rule 3:22-4 as barring the petition. That Rule

forecloses a PCR claim that could have been raised at trial or on

direct appeal, but was not. Ibid. Defendant's appellate brief

fails to thoroughly address this issue, but clearly, defendant

could have challenged the voluntariness of Danzo's consent at

trial. However, Rule 3:22-4(a)(2) permits us to consider an IAC

claim if "enforcement of the bar to preclude claims . . . would

result in fundamental injustice."

 Rule 3:22-5 states "[a] prior adjudication upon the merits

of any ground for relief is conclusive . . . in any post-conviction

proceeding." We agree with defendant that we did not address the

issue of Danzo's consent on direct appeal. See Harris, supra,

slip op. at 4 (noting defendant did not dispute "that Danzo's

consent was anything but knowing and voluntary"). We therefore

consider the merits of defendant's arguments.

 In Point IV, defendant argues trial counsel was ineffective

for failing to call Danzo as a witness at the suppression hearing.

 6 A-3298-15T4
The PCR judge concluded counsel made a strategic decision not to

call Danzo.

 Defendant admits that he provided no certification from Danzo

or anyone else indicating defense counsel failed to interview

Danzo. There is no certification leading to a conclusion that

Danzo's testimony would have supported defendant's motion to

suppress. The record is clearly inadequate to compel any

evidentiary hearing on this aspect of defendant's IAC claim.

Porter, supra, 216 N.J. at 355.

 In Point II, defendant argues trial counsel was ineffective

for failing to challenge the legality of his arrest. However, the

testimony at the motion to suppress demonstrated defendant was

driving Danzo's car with a suspended license. Police have the

right to arrest for this violation. See State v. Pierce, 136 N.J.

184, 205 (1994) (citing N.J.S.A. 39:3-40) ("We first sustain the

validity of the custodial arrest . . . for operating a motor

vehicle during the period in which his driver's license had been

suspended."). Trial counsel was not ineffective for failing to

raise a losing argument. State v. Echols, 199 N.J. 344, 360-61

(2009).

 To the extent we have not specifically addressed defendant's

other arguments, they lack sufficient merit to warrant discussion

in a written opinion. R. 2:11-3(e)(2).

 7 A-3298-15T4
Affirmed.

 8 A-3298-15T4